COLUMBUS (City), Plaintiff-Appellee, v. GLOVER, Defendant-Appellant.

Ohio Appeals, Tenth District, Franklin County.

No. 5825. Decided February 25, 1958.

Russell Leach, City Atty., Bernard T. Chupka. City Pros., Howard P. Lowe, Asst. City Atty., Columbus, for plaintiff-appellee.
Isadore L. Margulis, Columbus, for defendant-appellant.

## OPINION

By BRYANT, J.

E. S. T. Glover, defendant-appellant, herein called defendant, was tried in the Columbus Municipal Court, found guilty and sentenced upon the charge of failure to stop, etc. after an accident. A motion for a new trial was overruled and after sentence and judgment, Glover appealed to the Common Pleas Court of Franklin County where the judgment of the Municipal Court was affirmed and the appeal dismissed.

Glover has appealed to this court on questions of law from the judgment of the Common Pleas Court affirming the said Municipal Court. While there are five assignments of errors, the argument on behalf of the defendant is limited to the single question of whether or not the prosecution offered sufficient proof of the corpus delecti to render admissible certain confessions or admissions alleged to have been made by the defendant.

The first witness, Dino Bisutti, the owner of a car which was damaged late at night while parked in front of his home, testified that he was awakened by a policeman at which time he learned that someone had collided with his car (bill of exceptions, p. 6). Bisutti said he went with the policeman and a few blocks away located "a wrecked car, a green one, like it showed on mine." (Bill of exceptions, p. 7.) In the answer immediately following the above, Bisutti explained that it was green paint left on his car by the car which collided with it stating, "There was green paint on my car where it was hit, see." He further testified that at the address where the wrecked green car was found the officer went inside and came out in a few moments with E. S. T. Glover, defendant herein.

Up to this point in the record there had been neither any admission or confession offered in evidence. In order to establish the corpus delecti and thereby make a confession admissible, the prosecution is not required to prove the charge beyond a reasonable doubt nor even make a prima facie case, it being sufficient if there is some evidence outside of the confession that tends to prove some material element of the crime charged. **State v. Maranda, 94 Oh St 364.**

The rule as to corpus delecti having been fully met, the testimony of Mr. Bisutti as to admissions made by the defendant is pertinent, particularly as to a visit by the defendant to Bisutti's home a week later concerning which the record shows the following:

"Q55. What did he have to say when he came over to your house? A. Well, he said that he was forced by another car to hit my car. In other words, he said he was sorry about it because he didn't mean to hit my car. He hit it because another car came in the opposite direction and forced him to go into it."

"Q56. At that time he told you that he hit your car? A. That's right."

Also relevant was the testimony of Patrolman Jimmie Bellar observing that the right front fender of defendant's car had extensive damage and was smashed back against the wheel and the headlight was broken (bill of exceptions, p. 17) and his statement that the defendant first told him that a friend, Bob Allen, had been driving.

Also of importance was the testimony of Police Officer Walton Altenberger in which defendant admitted failing to stop after the accident, gave as his excuse that he did not want to be arrested for drunk driving  Altenberger quoted the defendant as follows (bill of exceptions, p. 23):

"He stated that while he was in the bar Mr. Allen brought his car back to him and parked it in the vicinity of Don's Bar. At approximately eleven a.—p. m. that evening Mr. Glover came out of the bar, got in his car and was traveling north on St. Clair Avenue, and, in the

vicinity of Second Avenue, due to the narrowness of the street, there was a car coming south approaching Mr. Glover. He pulled to his right to give enough clearance for the cars to pass and he misjudged his distance and struck this car parked at the curb. After he struck the car he continued on St. Clair Avenue to the vicinity of 775 East Second Avenue and parked his car in the rear of his residence, got out and looked at the damage on his car, and at that time he stated he found that the right front fender had been smashed in. He continued on in the house and went to bed. Asked him why he didn't stop at the scene of the accident. He stated he didn't want to be arrested for drunk driving and he didn't think any damage had been done to the other car parked at the curb."

It should be noted further that the testimony of the complaining witness and the police officers, here referred to quoting the defendant, were not formal confessions admitting the commission of a crime, but were admissions against interest, which when taken with other testimony in the case, were fully adequate to sustain the verdict of guilty.

For the reasons above set forth the assignments of errors are not well taken and must be overruled. The judgment of the Common Pleas Court and the judgment and sentence of the Columbus Municipal Court will, therefore, be affirmed, the appeal will be dismissed and the case remanded to the Municipal Court for execution of sentence.

PETREE, PJ, MILLER, J, concur.