**[Cite as *State v. Greer*, 2023-Ohio-103.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Toledo         Court of Appeals No. L-22-1082

    Appellee                  Trial Court No. CRB-20-10947

v.

Theodis Greer                **DECISION AND JUDGMENT**

    Appellant             Decided: January 13, 2023

\* \* \* \* \*

Rebecca Facey, City of Toledo Chief Prosecuting Attorney, and
Christopher D. Lawrence, Assistant Prosecuting Attorney, for appellee.

Michael H. Stahl, for appellant.

\* \* \* \* \*

**MAYLE, J.**

**{¶ 1}** Defendant-appellant, Theodis Greer, appeals the March 7, 2022 judgment of the Toledo Municipal Court, convicting him of domestic violence. For the reasons that follow, we affirm the trial court judgment.

# I. Background

{¶ 2} Theodis Greer was arrested on December 26, 2020, and charged with assault and domestic violence in connection with an altercation between him and his live-in girlfriend. After repeatedly failing to appear for court dates, Greer was tried to the bench on May 7, 2022, and was convicted of domestic violence, a violation of R.C. 2919.25(A), a first-degree misdemeanor. He was sentenced to 90 days in jail, all of which were suspended.

{¶ 3} According to the testimony of Toledo Police Officer Thomas Valade, Valade and his partner, Officer Tayler Glass, responded to a report of a domestic dispute at an apartment on Ryan Road. The officers spoke with Greer and the victim, A.H. Both admitted to throwing things at each other, but Greer also stated that he grabbed the victim by the hair and threw her down. Although they observed no physical injury to A.H., the officers concluded that Greer was the primary physical aggressor, and they arrested him.

{¶ 4} The officers' interaction with Greer was recorded by Officer Valade's body camera, which was admitted into evidence. The body cam footage shows an agitated Greer open the door and lead officers into his apartment. Greer said that he and A.H. began fighting the night before because A.H. looked through his phone, and they had been throwing things at each other and breaking each other's things. The apartment was in disarray. Greer showed the officers a disposable shaver that A.H. apparently brandished, although it is not clear whether she attempted to inflict injury with it.

2.

{¶ 5} Greer told the officers that he did not want A.H. to be his girlfriend anymore, she was not on the lease, and he wanted them to make her leave his apartment. Officer Valade explained that they could not evict A.H.—that would have to be accomplished through the courts. Greer remained agitated. He told Valade that A.H. had gotten a chair and was about to hit him with it, so he grabbed her by the hair and threw her down because he was scared and was protecting himself.

{¶ 6} After several minutes of listening to Greer call A.H. names ("stupid ass bitch," "dumb ass bitch"), talk about what he would do if she ever charged at him again (he would "knock her ass out"), and describe how he would respond if she damages his mom's property (he will "fuck up" her mama's "shit," her sister's house, and her granny's house), Valade decided to arrest Greer.

{¶ 7} Greer moved for acquittal under Crim.R. 29, maintaining that the city failed to present evidence of (1) a familial or household relationship, and (2) physical harm. The trial court found that there was evidence that Greer and A.H. were living together, and the city was not required to prove physical injury—it was required only to show an attempt to cause physical injury.

{¶ 8} Greer testified at trial that A.H. was angry because she looked through his phone and believed he was cheating on her. She threw chairs at him. She started chasing him with a razor, and he pushed her because she was about to stab him. Greer claimed that he was scared, so he called the police. On cross-examination, Greer denied that he

3.

was throwing things at A.H. He said that she threw things at him and he caught them and threw them down. Greer testified that he lied to the officers when he told them that he grabbed A.H. by the hair and threw her down. He insisted that the only time he put his hands on her was when she came after him.

{¶ 9} The court reviewed the body cam video again, then found Greer guilty of domestic violence. It observed that Greer repeatedly referred to A.H. as his girlfriend, her belongings were in his home, and he was asking the officers to make her leave. The court characterized Greer and A.H.'s conduct toward each other as "low level mutual combat," but it found that Greer attempted to cause A.H. physical harm by pulling her to the ground by her hair. The court considered Greer's claim of self-defense, but it made clear that it did not believe that Greer was in fear of harm—rather, Greer was angry—and it emphasized that the "razor" Greer talked about was just a disposable shaver.

{¶ 10} Greer appealed. He assigns the following errors for our review:

> I. Trial counsel provided ineffective assistance of counsel when it failed to object to the admission into evidence of Mr. Greer's alleged admission, which is the only evidence of the crime charged, without first requiring the prosecution to present independent evidence that the crime occurred at all, as required by the *corpus delicti* rule[.]

II. Trial counsel was ineffective in its cross examination of the arresting officer by failing to clarify that Mr. Greer was initially arrested for his inexplicably erratic behavior while police were in his apartment[.]

III. The trial court erred in not granting Mr. Greer's motion for acquittal at the close of the State's case and the conviction is insufficient of evidence because no admissible evidence was presented that the crime charged occurred[.]

IV. The trial court erred, over objection, when it applied the incorrect standard for self-defense to the prejudice of Mr. Greer[.]

## II.    Law and Analysis

{¶ 11} Greer argues that trial counsel was ineffective for (1) failing to object to the admission into evidence of incriminating statements, which he claims violated the corpus delicti rule, and (2) failing to cross-examine the responding officers to establish that Greer's behavior supported a lower-level crime and not domestic violence.  He also argues that his conviction was not supported by sufficient evidence, and the trial court applied an incorrect standard in evaluating his claim of self-defense.

### A.    Ineffective Assistance of Counsel—Corpus Delicti

{¶ 12} In his first assignment of error, Greer argues that trial counsel was ineffective for failing to object to the admission of Greer's statements on the basis of the corpus delicti rule.  More specifically, Greer claims that there had to be independent

5.

evidence tending to establish that a crime was committed before Greer's confession—recorded by the officer's body cam—could be admitted.

{¶ 13} The city responds that Greer's statements were not a "confession," thus the corpus delecti rule does not apply. Moreover, it claims, even if the corpus delecti rule does apply, the city met its minimal burden of establishing that a crime had been committed.

{¶ 14} Properly licensed Ohio lawyers are presumed competent. *State v. Banks,* 9th Dist. Lorain No. 01CA007958, 2002-Ohio-4858, ¶ 16. In order to prevail on a claim of ineffective assistance of counsel, an appellant must show that counsel's conduct so undermined the proper functioning of the adversarial process that the trial court cannot be relied on as having produced a just result. *State v. Shuttlesworth*, 104 Ohio App.3d 281, 287, 661 N.E.2d 817 (7th Dist.1995). To establish ineffective assistance of counsel, an appellant must show "(1) deficient performance of counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 204, citing *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *State v. Sanders*, 94 Ohio St.3d 150, 151, 761 N.E.2d 18 (2002).

6.

{¶ 15} As recognized in *Strickland,* there are "countless ways to provide effective assistance in any given case." *Id.* at 689. "Judicial scrutiny of counsel's performance must be highly deferential." *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989), quoting *Strickland* at 689.

{¶ 16} "Corpus delicti" means the body or substance of a crime. *State v. Maranda,* 94 Ohio St. 364, 114 N.E. 1038 (1916), syllabus; *State v. Nicely,* 39 Ohio St.3d 147, 151, 529 N.E.2d 1236 (1988). "The corpus delicti of a crime consists of two elements: the act and the criminal agency of the act." *State v. Van Hook*, 39 Ohio St.3d 256, 261, 530 N.E.2d 883 (1988), citing *Maranda* at *id.* The corpus delicti rule requires that before an out-of-court confession may be admitted, the corpus delicti must be established by evidence other than the confession. *Id.*

{¶ 17} We agree with the city that Greer's statements, while "admissions," do not constitute a "confession," such that the corpus delicti rule would preclude their admission into evidence. An "admission" is "any statement made by a party in his individual capacity and offered against that party at trial." *State v. Hopfer,* 112 Ohio App.3d 521, 538–39, 679 N.E.2d 321 (2d Dist.1996), citing Evid.R. 801. A "confession" is an "admission of the criminal act itself, not an admission of a fact or circumstance from which guilt may be inferred." (Internal quotations omitted.) *Id.,* quoting *State v. Klumpp,* 175 N.E.2d 767, 771 (1st Dist.1960). A statement is not a "confession" if it does not address a person's guilt of the alleged crime. *Id.*

7.

{¶ 18} Here, Greer made several statements that, when evaluated in the context of all other evidence were adequate to sustain a guilty verdict, but by themselves constituted admissions. Specifically, the officers testified that they responded to a call of a domestic disturbance; Greer was visibly agitated and assertive when officers arrived; Greer told officers that A.H. was his girlfriend and was living in the apartment despite her name not being on the lease; the apartment was in disarray, with items strewn about and the television turned over on the floor; Greer was threatening that he would knock A.H. out if she came at him and would retaliate in kind if she damaged his family's property; and ultimately Greer told officers that he threw A.H. down by her hair. Greer did not confess his guilt to the crime of domestic violence. *See City of Columbus v. Glover,* 107 Ohio App. 107, 109, 154 N.E.2d 91 (10th Dist.1958) (observing that defendant's statements "were not formal confessions admitting the commission of a crime, but were admissions against interest, which when taken with other testimony in the case, were fully adequate to sustain the verdict of guilty"); *Klumpp* at 770 (concluding that admission of defendant's written statements did not constitute a confession implicating the corpus delicti rule, describing them as "no more than admissions of a party opponent," which were admissible).

{¶ 19} Because Greer's statements were admissions—not a confession—the corpus delicti rule was inapplicable and counsel did not err by failing to object to their admission. We find Greer's first assignment of error not well-taken.

8.

## B.  Ineffective Assistance of Counsel—Cross-Examination

{¶ 20} In his second assignment of error, Greer argues that trial counsel was ineffective for failing to elicit in cross-examination that under the circumstances here, he was mischarged.  Specifically, he claims that the evidence of his behavior, captured on Officer Valade's body cam, demonstrated a legitimate case for menacing or a domestic-violence threat charge—a fourth-degree misdemeanor—but not a first-degree domestic-violence charge.  He maintains that "[h]ad the entire interaction been laid out and discussed, then the fact finder could have more accurately evaluated the situation."

{¶ 21} The city responds that trial counsel's cross-examination was trial strategy intended to demonstrate that Greer—not A.H.—was the victim.  It emphasizes that Officer Valade identified Greer as the primary physical aggressor based on his statements and behavior.  The city insists that trial counsel's cross-examination may not have been successful, but it was not unconstitutionally ineffective.

{¶ 22} In matters involving trial strategy, "courts will generally defer to the judgment of trial counsel, even where 'another and better strategy' might have been available."  *State v. Newsome*, 11th Dist. Ashtabula No. 2003-A-0076, 2005-Ohio-3775, ¶ 8, quoting *State v. Clayton*, 62 Ohio St.2d 45, 49, 402 N.E.2d 1189 (1980).  "A court will only consider reversing on these grounds where the choice of trial strategy so deviates from the standard of reasonableness 'that ordinary trial counsel would scoff at

hearing of it.'" *Id.,* quoting *State v. Burgins,* 44 Ohio App.3d 158, 160, 542 N.E.2d 707 (4th Dist.1988).

{¶ 23} Here, we agree with the city that trial counsel's decision to pursue a self-defense claim—rather than challenge the appropriateness of the offense charged—was a strategy decision to which we will defer. In any event, as indicated below, the evidence supported Greer's conviction of the crime charged. That Greer's conduct may have given rise to other potential lower-level offenses does not lead us to conclude that there was a reasonable probability that the proceeding's result would have been different had trial counsel cross-examined the officers differently.

{¶ 24} We find Greer's second assignment of error not well-taken.

### C.     Motion for Acquittal

{¶ 25} In his third assignment of error, Greer argues that outside of his own statements, the city failed to prove that the crime charged actually occurred. In other words, he claims that without his confession, no rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. He insists that in order to convict him, the trier of fact needed to find that he was credible in part (insofar as he committed the crime), but incredible in part (insofar as he did not act in self-defense). Alternatively, he claims that the prosecution failed to prove that he did not act in self-defense.

10.

**{¶ 26}** The city maintains that it presented evidence as to each element of the crime of domestic violence. It emphasizes that the trier of fact relied on body cam footage, which captured Greer's statements and demeanor and the state of the apartment. The city insists that viewed in a light most favorable to the prosecution, the court could have found that all elements of the offense were presented.

**{¶ 27}** A motion for acquittal under Crim.R. 29(A) challenges the sufficiency of the evidence. *State v. Brinkley*, 105 Ohio St.3d 231, 2005-Ohio-1507, 824 N.E.2d 959, ¶ 39. The denial of a motion for acquittal under Crim.R. 29(A) "is governed by the same standard as the one for determining whether a verdict is supported by sufficient evidence." *State v. Tenace*, 109 Ohio St.3d 255, 2006-Ohio-2417, 847 N.E.2d 386, ¶ 37.

**{¶ 28}** Whether there is sufficient evidence to support a conviction is a question of law. *State v. Thompkins,* 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). In reviewing a challenge to the sufficiency of evidence, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." (Internal citations omitted.) *State v. Smith*, 80 Ohio St.3d 89, 113, 684 N.E.2d 668 (1997). In making that determination, the appellate court will not weigh the evidence or assess the credibility of the witnesses. *State v. Walker,* 55 Ohio St.2d 208, 212, 378 N.E.2d 1049 (1978). "Rather, we decide whether, if believed, the evidence can sustain the verdict as a matter of law." *State v. Richardson*, 150 Ohio St.3d 554, 2016-Ohio-

11.

8448, 84 N.E.3d 993, ¶ 13. Naturally, this requires "a review of the elements of the charged offense and a review of the state's evidence." *Id.*

{¶ 29} R.C. 2919.25(A) prohibits any person from knowingly causing or attempting to cause physical harm to a family or household member. As we determined above, Greer's statements were properly admitted. Those statements provided evidence that A.H. was Greer's live-in girlfriend and Greer grabbed her by the hair and threw her down. This evidence was sufficient to support a conviction for domestic violence.

{¶ 30} As to Greer's alternative argument—that the city did not prove that he did not act in self-defense—this is not properly raised as a challenge to the sufficiency of the state's evidence because it is not an element of the offense. *See infra.* Rather, where evidence is presented that tends to support that the defendant used force in self-defense, a claim that the city did not meet its burden to disprove self-defense is a challenge to the weight of the evidence. *Id.*

{¶ 31} We find Greer's third assignment of error not well-taken.

### D. Self-Defense Standard

{¶ 32} In his fourth assignment of error, Greer argues that the trial court applied the wrong standard for self-defense. He claims that the self-defense law should have been applied to shift the burden to prove self-defense from the defendant to the prosecution. In raising this error, Greer acknowledges that at the time of briefing, the issues of the proper procedure for burden-shifting and the appropriate standard for

12.

appellate review of a self-defense claim were before the Ohio Supreme Court in a case that has now been released as *State v. Messenger,* Slip Opinion No. 2022-Ohio-4562.

{¶ 33} To support a claim of self-defense involving the use of non-deadly force, a defendant must show that "(1) he was not at fault in creating the situation giving rise to the affray; (2) he had reasonable grounds to believe or an honest belief that he or she was in imminent danger of bodily harm, and (3) he did not use more force than was reasonably necessary to defend against the imminent danger of bodily harm." *State v. Paskins*, -- N.E.3d --, 2022-Ohio-4024, ¶ 48 (5th Dist.). Self-defense is an affirmative defense—not an element of a crime. *Messenger* at ¶ 24. "[A] determination as to whether the trial court applied the correct legal standard in reviewing and weighing the evidence presents a question of law requiring de novo review." *Dublin v. Starr*, 10th Dist. Franklin No. 21AP-173, 2022-Ohio-2298, ¶ 50.

{¶ 34} In *Messenger*, the Ohio Supreme Court clarified the burden of proof where a defendant asserts a claim of self-defense under the version of the statute that became effective March 28, 2019. It recognized that "R.C. 2901.05(B)(1) triggers the state's duty to disprove self-defense so long as 'there is evidence presented that tends to support that the accused person used the force in self-defense'"—a burden that is not all that heavy. *Id.* at ¶ 20, 22 ("The reference in R.C. 2901.05(B)(1) to 'evidence presented that tends to support' self-defense indicates that the defendant's burden of production is not a heavy one and that it might even be satisfied through the state's own evidence."). As such, "a

defendant charged with an offense involving the use of force has the burden of producing legally sufficient evidence that the defendant's use of force was in self-defense." *Id.* at ¶ 25. "[I]f the defendant's evidence and any reasonable inferences about that evidence would allow a rational trier of fact to find all the elements of a self-defense claim when viewed in the light most favorable to the defendant, then the defendant has satisfied the burden," and the state must then disprove self-defense. *Id.* at ¶ 25. In that case, "the sufficiency-of-the-evidence standard of review applies to [the defendant's] burden of production and a manifest-weight-of-the-evidence standard of review applies to the state's burden of persuasion." *Id.* at ¶ 26.

{¶ 35} Here, Greer claims that the trial court applied the wrong legal standard and incorrectly failed to shift the burden to the city to disprove self-defense. First, we observe that Greer denied at trial that he committed the act that gave rise to this charge— i.e., he denied that he pulled A.H. to the ground by her hair. Ohio courts have recognized that it is "logically and legally inconsistent" to claim absolute innocence and simultaneously avail oneself of the affirmative defense of self-defense. (Citations omitted.) *City of Columbus v. Peoples*, 10th Dist. Franklin No. 05AP-247, 2006-Ohio-1718, ¶ 48.

{¶ 36} In any event, our review of the record convinces us that the trial court was aware that the burden shifts to the state to disprove self-defense once evidence is presented that tends to support that the defendant used the force in self-defense. The

14.

error that the trial court appears to have made is that it improperly weighed the evidence in determining whether Greer met his initial burden of producing legally sufficient evidence to support his self-defense claim. *See, e.g., State v. Estelle,* 2021-Ohio-2636, 176 N.E.3d 380, ¶ 19 (3d Dist.) ("In deciding whether to give a self-defense instruction, the trial court must view the evidence in favor of the defendant, and the question of credibility is not to be considered."); *State v. Gambino*, 11th Dist. Trumbull No. 2021-T-0018, 2022-Ohio-1554, ¶ 24, *appeal not allowed*, 167 Ohio St.3d 1499, 2022-Ohio-2953, 193 N.E.3d 585 ("In determining whether the self-defense instruction is appropriate the 'court must view the evidence in a light most favorable to the defendant' without consideration of credibility.") And because the trial court found Greer's testimony not credible, it found that Greer did not meet his initial burden, therefore, the burden did not shift to the city.

{¶ 37} But trial counsel invited this error. Under the invited error doctrine, a party may not take advantage of an error that he himself invited or induced the trial court to make. *Brock-Hadland v. Weeks*, 7th Dist. Mahoning No. 13 MA 170, 2015-Ohio-834, ¶ 6, quoting *Center Ridge Ganley, Inc. v. Stinn*, 31 Ohio St.3d 310, 313, 511 N.E.2d 106 (1987).

{¶ 38} Here, the parties and the court engaged in a detailed dialogue concerning the burdens under the version of R.C. 2901.05(B)(1), as amended effective March of 2019. Defense counsel told the trial court at trial that it was required to shift the burden

15.

to the city "if there's any evidence *that you believe* that supports" that Greer acted in self-defense. Defense counsel was mistaken. Credibility should not have been weighed at this stage. Nevertheless, by advising the trial judge otherwise, Greer invited error in the trial court's application of R.C. 2901.05(B)(1) and is, therefore, precluded from relief here.

{¶ 39} Even if Greer had not invited the error here, we would still find that *under the circumstances of this case*, the error was harmless. Harmless error is "[a]ny error, defect, irregularity, or variance which does not affect substantial rights * * *." Crim.R. 52(A).

{¶ 40} When the trial judge announced his verdict, he explained at length his rationale. At the same time, the judge told the parties that he had concluded that Greer failed to meet his initial burden of producing evidence of self-defense. The trial court's explanation reveals that it fully considered—but rejected—Greer's claim of self-defense *because it did not believe that Greer reasonably or honestly believed that he was in imminent danger*. The trial judge believed that Greer threw the victim down by her hair (which Greer admitted in the body cam footage but denied at trial), but did not believe that Greer reasonably or honestly believed that he was in imminent danger.

{¶ 41} Had this been a jury trial, the court, having concluded that Greer did not meet his initial burden, may have refused to instruct the jury on self-defense. This would have precluded the jury from considering the defense altogether and would have

16.

prevented it from making any findings at all concerning Greer's claim of self-defense. But this was not a jury trial. It was a bench trial where the trial judge served as the factfinder. The judge was "free to believe some, all, or none of each witness' testimony and [to] separate the credible parts of the testimony from the incredible parts." (Citations omitted.) *State v. Vaughn,* 2022-Ohio-3615, 197 N.E.3d 644, ¶ 16 (7th Dist.). The trial judge clearly considered the defense here and rejected it because he did not believe Greer that he was in fear of imminent harm. Having reviewed the body cam footage and Greer's testimony, we do not believe that the trial judge lost his way in making this credibility determination.

{¶ 42} Given that the trial judge did not believe Greer's statements concerning this element of self-defense, the judge necessarily rejected Greer's defense. An element of the claim having failed, there was only one possible outcome regardless of which party had the burden here. Whether viewed from the perspective of the city *disproving* self-defense or viewed from the perspective of Greer *proving* self-defense, an explicit finding by the trial judge that one of the elements of self-defense was lacking necessitates the conclusion that Greer did not act in self-defense. Accordingly, we find that any error here was harmless. *See State v. Simpson*, 8th Dist. Cuyahoga No. 107407, 2020-Ohio-1596, ¶ 19 ("[A]llocating the burden of proof pursuant to R.C. 2901.05(B) would not have changed that credibility determination and would not have changed the outcome of the proceedings.").

17.

{¶ 43} Accordingly, we find that the trial court articulated the correct standard here, but misapplied it. This misapplication was both invited and harmless error. We find Greer's fourth assignment of error not well-taken.

### III.   Conclusion

{¶ 44} Greer's statements constituted admissions—not a confession—therefore the corpus delicti rule did not prohibit their admission into evidence. Because the statements were admissible, trial counsel was not ineffective for failing to object to the admission of this evidence without the city first offering independent evidence that a crime had been committed. We find Greer's first assignment of error not well-taken.

{¶ 45} Trial counsel's decision to advance a self-defense claim instead of raising the appropriateness of some other charge did not render counsel ineffective. This was a matter of strategy, and given that the evidence was sufficient to support a conviction of the crime charged, it was not reasonably probable that the outcome of the proceedings would have been different had trial counsel cross-examined the officers differently. We find Greer's second assignment of error not well-taken.

{¶ 46} The state offered evidence that the victim was Greer's live-in girlfriend and that Greer attempted to cause her physical harm by throwing her down by her hair. This evidence was sufficient to support Greer's conviction of domestic violence. We find Greer's third assignment of error not well-taken.

18.

{¶ 47} The trial court articulated the correct standard for evaluating self-defense under the amended version of R.C. 2901.05(B)(1), but misapplied it.  This misapplication was both invited and harmless error.  We find Greer's fourth assignment of error not well-taken.

{¶ 48} We affirm the March 7, 2022 judgment of the Toledo Municipal Court. Greer is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.      _____
                JUDGE
Christine E. Mayle, J.    

Myron C. Duhart, P.J.     _____
CONCUR.             JUDGE

                _____
                JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.