[Cite as *Toledo v. Duckworth*, 2023-Ohio-1412.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

City of Toledo                                      Court of Appeals No.  L-22-1126

    Appellee                                   Trial Court No.  CRB-21-08778

v.

Robyn M. Duckworth                          **DECISION AND JUDGMENT**

    Appellant                                  Decided:  April 28, 2023

* * * * *

Rebecca Facey, City of Toledo Chief Prosecuting Attorney, and
Jimmie L. Jones, Assistant Prosecuting Attorney, for appellee.

Henry Schaefer, for appellant.

* * * * *

**DUHART, P.J.**

**{¶ 1}** Appellant, Robyn Duckworth, appeals from a judgment entered by the

Toledo Municipal Court, finding her guilty of misdemeanor assault. For the reasons that

follow, we affirm the judgment of the trial court.

## Statement of the Case

{¶ 2} On October 2, 2021, Duckworth was charged by complaint with one charge of assault in violation of R.C. 2903.13(A), a misdemeanor of the first degree.

{¶ 3} On April 21, 2022, the matter proceeded to a bench trial, during which Duckworth raised the affirmative defense of self-defense. After hearing the evidence and arguments of counsel, Duckworth was found guilty.  At sentencing on May 16, 2022, the trial court imposed a 180-day suspended jail sentence.  In addition, the trial court placed Duckworth on one year of active community control, which was ordered to become inactive upon Duckworth's completion of anger management classes, 40 hours of community service, and a letter of apology to the victim. Finally, the trial court ordered that Duckworth have no contact with the victim or with the victim's mother.

{¶ 4} Appellant timely appealed her conviction.

## Statement of Facts

{¶ 5} On or around August 15, 2021, Duckworth became a tenant at 2257 Barrington Drive, Toledo, Ohio, where she rented a room from the victim's mother. The victim's mother also resided at the location. Following a series of personal disputes that arose between Duckworth and the victim's mother, the victim's mother soon asked Duckworth to move out. According to the victim's mother, the duration of Duckworth's tenancy was about six weeks.

{¶ 6} The victim testified that during the period that Duckworth was her mother's tenant, she would make frequent trips to Toledo from her home in New Jersey in order to

2.

check up on her mother. She also testified that she and her mother had installed security cameras throughout the house, and that she was able to view the video feed from the security cameras using her cell phone.

{¶ 7} On October 2, 2021, the victim, while visiting her mother at the Barrington Drive residence, observed Duckworth go into the kitchen, where the victim's mother was preparing breakfast. The victim heard yelling, so she walked into the kitchen with her phone camera on. Footage from the phone camera showed that Duckworth and the victim's mother were arguing. It also showed a continuing confrontation, during which the victim and her mother laughed at Duckworth and called her a liar and a drug addict.

{¶ 8} Footage from one of the security cameras installed in the house showed that Duckworth snatched the phone from the victim's hand and then went to leave out the back door. It also showed that the victim pursued Duckworth and grabbed at her from behind. As the victim was grabbing at Duckworth's back, Duckworth turned and, with her body, pushed the victim against the wall. Duckworth then continued out the back door. Once outside, additional security camera footage camera showed that the victim again reached for Duckworth from behind. At this point, Duckworth turned around and pushed the victim off of her body, causing the victim to fall onto a nearby flowerpot. As a result of the fall, the victim suffered a concussion and deep bruising to her hip.

## Trial Court Decision

{¶ 9} At the conclusion of the evidence, the trial court explained its reasoning for the finding of guilt against Duckworth as follows:

3.

The Court has had the opportunity to review the evidence, the applicable law and has reached a decision. * * * In this case, based upon the evidence, an Assault clearly happened. The issue really, at this point, is whether or not the defendant acted in justifiable self-defense. In the way self-defense laws work these days, the prosecution needs to prove, beyond a reasonable doubt, that the defendant did not act in self-defense. In this particular case, having reviewed the evidence, I believe the prosecution has indeed proven, beyond a reasonable doubt, that the defendant did not act in self-defense. And I say this for two reasons. One, as far as a physical confrontation goes, Ms. Duckworth was clearly the instigator by taking the phone. Now, whether or not [the victim] egged her on, by video taping her or by laughing, that could be argued. But as far as a physical confrontation, it did not get physical until Ms. Duckworth instigated the physical confrontation by taking her phone. Secondly, while the majority of the injury looks like it happened after they left the house, the physical confrontation also started when the defendant, for the lack of a better term, body bumped [the victim] right before leaving the house. And that is what led – from my view of the evidence, on the video, led to [the victim] holding on to her, grabbing Ms. Duckworth. So for these reasons, I find the defendant guilty.

## Assignment of Error

{¶ 10} Appellant raises the following assignment of error on appeal:

I. The conviction was against the manifest weight of the evidence, and there was not sufficient evidence to convict Ms. Duckworth.

**Analysis**

{¶ 11} In this appeal challenging the weight and sufficiency of the evidence, Duckworth objects only to the trial court's rejection of her affirmative defense of self-defense. Specifically, Duckworth complains that: (1) the state did not provide legally sufficient evidence to establish that she did not act in self-defense; and (2) the trial court's decision that she did not act in self-defense was against the weight of the evidence.

{¶ 12} A defendant making a claim of self-defense involving the use of non-deadly force must show that: "'(1) he was not at fault in creating the situation that gave rise to the affray; (2) he had reasonable grounds to believe or an honest belief that he or she was in imminent danger of bodily harm, and (3) he did not use more force than was reasonably necessary to defend against the imminent danger of bodily harm.'" *State v. Greer*, 6th Dist. Lucas App. No. L-22-1082, 2023-Ohio-103, quoting *State v. Paskins*. 2022-Ohio-4024, --- N.E.3d ---, ¶ 48 (5th Dist.).

{¶ 13} "[A] defendant charged with an offense involving the use of force has the burden of producing legally sufficient evidence that the defendant's use of force was in self-defense." *State v. Messenger,* --- Ohio St.3d ---, 2022-Ohio-4562, --- N.E.3d ---. ¶ 25. "[I]f the defendant's evidence and any reasonable inferences about that evidence would allow a rational trier of fact to find all the elements of a self-defense claim when

viewed in the light most favorable to the defendant, then the defendant has satisfied this burden." *Id.* Thus, the burden of production is on the defendant. *Id.* at ¶ 21. Once the defendant satisfies this burden, it becomes the state's duty to disprove self-defense beyond a reasonable doubt. *Id.* at ¶ 27. That is, the burden of persuasion is on the state. *See Messenger* at ¶ 26. The question of whether or not the state has met this burden is subject only to a manifest-weight review on appeal. *See id.* at ¶ 27.

{¶ 14} In the instant case, the trial court, in considering whether the state met its burden, implicitly concluded that Duckworth put forward sufficient evidence that she was acting in self-defense when, twice, she pushed the victim away from her with her body. *See Messenger* at ¶ 26 (concluding that the trial court's providing the jury with an instruction on self-defense meant that the trial court had already determined that the defendant put forward sufficient evidence that he had acted in self-defense). The court then explicitly concluded that the state met its burden of persuading the court beyond a reasonable doubt that Duckworth was not acting in self-defense when she body-bumped the victim and then pushed the victim to the ground.

{¶ 15} As established in *Messenger*, all that remains for our review is whether the trial court's determination that Duckworth was not acting in self-defense was against the manifest weight of the evidence. "'When examining whether a conviction was contrary to the manifest weight of the evidence, the appellate court serves as a "thirteenth juror" to conclude whether the trial court lost its way so significantly as to result in a manifest miscarriage of justice, necessitating that the conviction be overturned.'" *State v.*

6.

*Faulkner*, 6th Dist. Lucas No. L-22-1108, 2023-Ohio-971, ¶ 30, quoting *State v. Butler*, 6th Dist. Lucas No. L-08-1390, 2010-Ohio-178, ¶ 11.

{¶ 16} Here, the trial court expressly stated that in reaching its decision, it relied upon video evidence. The video showed Duckworth taking the victim's phone, creating the situation that gave rise to the physical confrontation. Although Duckworth claims that she was exercising her right to quiet enjoyment and her right to privacy when she took the phone from the victim, the law is clear that this type of self-help is not allowed. *See State v. Thompson*, 2017-Ohio-8375, 99 N.E.3d 1035 (10th Dist.) (rejecting defendant's claim of self-help in removing security cameras from the common area of an office in order to abate an alleged nuisance). The video also shows Duckworth body-bumping the victim against a wall and then throwing the victim to the ground. There was no miscarriage of justice in this case, the trial court did not lose its way, and Duckworth's conviction was not against the manifest weight of the evidence.

{¶ 17} For all of the foregoing reasons, appellant's assignment of error is found not well-taken. The judgment of the Toledo Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

7.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.                            _____
                                                          JUDGE

Gene A. Zmuda, J.

                                              _____
Myron C. Duhart, P.J.                                      JUDGE
CONCUR.

                                              _____
                                                          JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.